IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



GENIVA F. JONES,

    Plaintiff,

v.                                 Civil Action No. 3:09cv128

PAUL DELOSCH, et al.,

    Defendant.

## MEMORANDUM OPINION

This matter is before the Court on the Defendants' Motion to Dismiss the Amended Complaint (Docket No. 12). For the reasons set forth below, the Motion to Dismiss will be granted.

### STATEMENT OF FACTS

Geniva F. Jones, a non-attorney and the President of Brenae Systems, Inc. ("Brenae"), has filed an Amended Complaint naming the Supreme Court of Virginia, the Commonwealth of Virginia, the State Compensation Board, and four individuals who are employed by those governmental entities as Defendants. See Compl. at ¶ 1; Defs' Mot. at 1. In the Amended Complaint, Jones alleges violations of the Copyright Act, 17 U.S.C. § 101, et seq., the United States Constitution, the Constitution of Virginia, 42

1

U.S.C. §§ 1981, 1983 and 1985, and various state law torts. See Compl. at ¶ 22.

In the Complaint, Jones avers: "The Brenae Systems, Incorporated designed, developed and obtained the Intellectual Rights to the Virginia Criminal Codes Database System (VCDDS). This software is sold, maintained and monitored by Brenae Systems, Incorporated (*hereinafter referred to as BSI or Plaintiff*) . . . ." Amend. Compl. at ¶ 1. Pursuant to this representation, the Defendants argue that "[b]ecause Jones is a non-attorney, the Amended Complaint is inoperable, and this Court has no jurisdiction to consider the claims." Defs' Mot. at 2.

## DISCUSSION

### I. The Applicable Legal Standard

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) seeks to test the legal sufficiency of the factual allegations made in the Complaint. Under Fed. R. Civ. P. 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Id. As the Supreme Court held in Bell Atlantic v. Twombly, 550 U.S. 544 (2007), the pleading standard that Rule 8(a) announces does not require "detailed factual allegations," but it demands more than an unadorned accusation. Id. at 555.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted by the court as true, to "state a claim to relief that is plausible on its face." Id. at 570. This pleading standard governs "all civil actions and proceedings in the United States district courts." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009).

II. **Jones's Action On Behalf of Brenae**

By statute, pro se plaintiffs are only authorized to pursue their own claims. See 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."); see Shepherd v. Wellman, 313 F.3d 963, 970-71 (6th Cir. 2002). Moreover, non-attorney plaintiffs "are not authorized to represent their corporations." Tingley v. City of Grand Rapids, 2003 U.S. Dist. LEXIS 11629 (W.D. Mich. June 13, 2003); accord Rowland v. California Men's Colony, 506 U.S. 194, 201-02, (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel"); Pritchard v. Lubman, 20 Fed. Appx. 133, 133-34 (4th Cir. 2001) ("it is well settled that a corporation must be represented by an attorney in federal court"); see also Sys. Mgt. Am.

3

Corp. v. England, 2001 WL 1563981, at * 1 n.1 (Fed. Cir. Nov. 21, 2001) (a corporation must be represented by counsel and the statutory requirement cannot be waived).

In this case, even though Jones has ostensibly named herself as "Plaintiff," the text of the Amended Complaint makes clear that she is attempting to litigate the claims asserted in the Complaint on behalf of Brenae. See Amend. Compl. at ¶ 1. And, as a non-attorney, such a practice is strictly forbidden. See Pritchard, 20 Fed. Appx. at 133-34. Hence, Jones's Amended Complaint will be dismissed, and the Court will grant Jones leave to file a Second Amended Complaint consistent with the directives of this Memorandum Opinion

## CONCLUSION

For the foregoing reasons, the Defendants' Motion to Dismiss the Amended Complaint (Docket No. 12) is granted.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: August 24, 2009